(C. D. 214)

B. DICKSON & Co. v. UNITED STATES

United States Customs Court, Third Division

(Decided September 14, 1939)

*Brooks & Brooks* (*Ernest F. A. Place* of counsel) for the plaintiffs.
*Webster J. Oliver*, Assistant Attorney General (*Daniel G. McGrath*, special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

EVANS, Judge: This is an action against the United States in which the plaintiffs seek a judgment from this court directing the collector of customs at the port of New York to post or repost the liquidation of certain mail entries involved herein. The entries were made under the Tariff Act of 1922. The protest herein was filed May 15, 1937, and is as follows:

Protest is made against your decision as to the rate and amount of duties chargeable and as to all exactions and your liquidation or reliquidation and your refusal to reliquidate and your refusal to post or repost the liquidations or reliquidations of the following entries of merchandise for the reason that you have not heretofore posted the said liquidations or reliquidations in such a manner as to give reasonable notice thereof to the importer in accordance with the decisions of the U. S. Customs Court published in abstract 48900 of March 6, 1925, and T. D. 42744 of May 12, 1928, and article 352 of the Customs Regulations of 1923.

It is claimed that the posting should have included the name of the importer and that the entries should have been stamped "liquidated" at the time of such posting in order to comply with the requirement of notice of liquidation provided

for in section 504 of the Tariff Act of 1922, and any so-called notice or posting of liquidations or reliquidations which did not set forth the name of the importer is not a reasonable compliance with said section 504.

It is further claimed that the merchandise is dutiable at 60 percent under paragraph 31 of the Tariff Act of 1922, which is more specific than, and because of the proviso thereto, controls over paragraph 1430 or any other paragraph of the Tariff Act of 1922 under which duty was assessed (note Abstract 30615, *Gartner & Moll, et al.*, v. *United States*).

This protest is filed against your refusal to repost the liquidations or reliquidations of said entries as noted in your letter of May 8, 1937, to Brooks & Brooks, Esqs., of 39 Broadway, New York City.

In December 1937 a stipulation was entered into in which both sides agreed that the merchandise here involved is in all material respects similar to that passed upon by this court in Abstract 37230, the record in that case being incorporated herein.

No testimony was produced by either side and at a later hearing, viz, on December 20, 1938, the case was submitted upon the following the stipulation:

It is hereby stipulated and agreed that—

1. The entries covered by the above entitled protest were made during the years 1927, 1928, and 1929, and, accordingly, were subject to the duties and administrative provisions of the Tariff Act of 1922;

2. Each of said entries covered an importation by mail, which did not exceed $100 in value; (See Tariff Act of 1922, section 498);

3. Each of said entries was made on Customs Form 3420;

4. Customs Form 3420 is the same as Customs Form 3419, provided for in Customs Regulations of 1923, Article 352, except that it was for use exclusively at the Port of New York;

5. Each of said entries was liquidated in accordance with the provisions of section 504, Tariff Act of 1922, the material portion of which reads:

\* \* \*, the collector shall ascertain, fix, and liquidate the rate and amount of duties to be paid on such merchandise as provided by law and shall give notice of such liquidation in the form and manner prescribed by the Secretary of the Treasury, \* \* \*.

6. The "form and manner prescribed by the Secretary of the Treasury" (pursuant to the Statutory provision above quoted) to "give notice of such liquidation" is embodied in Article 352, Customs Regulations, 1923, which reads:

Mail entries on Customs Form 3419 will be formally liquidated, and the date of liquidation stamped thereon. A carbon copy of the consolidated statement on Customs Form 5171 covering such entries will be posted as the notice of liquidation. All entries liquidated during any month may be stamped as liquidated on the last day of that month, at which time the copy of Customs Form 5171, similarly stamped, should be posted.

7. None of the entries had "the date of liquidation stamped thereon" as provided for in the above quoted regulation;

8. Customs Form 5171 was posted each month, during the period covered by said entries, in bound books the topmost page, and a few other pages at random, of which were stamped "Liquidated" and also stamped with the date of the last day of some particular month; the accompanying bound book, the back of which is marked in blue pencil "MAIL MAR. 1930" is a typical and representative book; the entry made on the 88th page thereof of Entry No. 705799 (on December 20,

1929) is typical and representative of the manner in which all of the entries covered by the instant protest were entered on Customs Form 5171, and the manner of stamping the date of liquidation therein is typical and representative of the manner in which all of said Customs Forms 5171, upon which were entered the entries covered by the instant protest, were stamped to indicate the dates of liquidation; said book may be received in evidence and marked "Exhibit 2";

9. On or about and under the date of March 26, 1937, the importer-plaintiff, through counsel, wrote to the Collector of Customs, at New York, N. Y., contending that the liquidation of said entries had not been posted properly, and requesting that they be posted, as per the accompanying copy of letter and schedule of entries, which copy of letter and schedule may be received in evidence and marked "Collective Exhibit No. 3";

10. In reply to said letter dated March 26, 1937, the Collector of Customs, at New York, wrote, under date of May 8, 1937, denying the request to post, as per the accompanying letter, which may be received in evidence and marked "Exhibit No. 4";

11. The instant protest was lodged on May 15, 1937, within sixty days after the reply of the Collector embodied in said letter dated May 8, 1937;

12. The accompanying *duplicate* copies of entries 465240, 946865, 945439, 967621, 4404, 347954, and 427267, on Customs Form 3420, the originals of which were not forwarded with the protest to the Court by the Collector of Customs, may be received in evidence and marked "Collective Exhibit No. 5" for the purpose of showing the value of the merchandise and the amounts of duties determined by the liquidation of said entries;

It is further stipulated and agreed that the protest is submitted upon this stipulation with the accompanying exhibits, and Exhibit No. 1, heretofore filed and that, subject to the Court's approval, the plaintiff may file a brief on or before January 23, 1939, and the defendant may file a reply on or before February 23, 1939.

We therefore have before us facts showing the method by which notice of liquidations of mail entries was given. The statute and regulations governing such giving of notice, as they existed at the time these entries were made, viz, 1927, 1928, and 1929, are embodied in section 504, of the Tariff Act of 1922, and article 352, of the Customs Regulations of 1923. Insofar as they are pertinent we quote these provisions as follows:

Sec. 504.
*   *   *   the collector shall ascertain, fix, and liquidate the rate and amount of duties to be paid on such merchandise as provided by law and shall give notice of such liquidation in the form and manner prescribed by the Secretary of the Treasury, *   *   *.

Art. 352.
Liquidation. Mail entries on Customs Form 3419 will be formally liquidated, and the date of liquidation stamped thereon. A carbon copy of the consolidated statement on Customs Form 5171 covering such entries will be posted as a notice of liquidation. All entries liquidated during any month may be stamped as liquidated on the last day of that month, at which time the copy of Customs Form 5171, similarly stamped, should be posted.

Customs Form 3420 here involved was for use at New York only, T. D. 43105.

The above stipulation of fact agrees that Customs Form 5171 covering the entries here in suit was posted. There was received in evidence as Exhibit 2 a book entitled "Mail Mar. 1930," containing representative sheets of this Customs Form 5171 and it was agreed that the entry on page 88 of said book, entry No. 705799 of December 20, 1929, is typical and representative of the manner in which all of the entries covered by this suit were posted on Customs Form 5171.

Apparently the sole complaint of the importer herein is that said Customs Form 5171 does not contain the name of the importer. The posting as shown by Exhibit 2 contains a heading for the date, the entry number, and the amount of duties collected.

Nowhere in the record is there any proof that the importer failed to file a protest against these liquidations within the statutory time after liquidation because he had received no notice of such liquidation.

In T. D. 38076 under date of June 30, 1919, we find the following instructions to collectors of customs:

\*        \*        \*        \*        \*        \*        \*

Moneys collected on importations through the mail in accordance with the provisions of T. D. 37779 of September 28, 1918, will be recorded and scheduled as follows:

Duties collected on customs Cat. No. 5171  \*  \*  \*.

Record and bulletin of liquidation of mail and other informal entries will be prepared on customs Cat. No. 5173. The original will be placed in loose-leaf binder as record of increases and refunds. One copy will be sent to port of entry to be posted as a bulletin of liquidation  \*  \*  .\*.

It thus appears that the practice of posting these informal entries in the manner as shown in Exhibit 2 herein was of long standing, and it would seem that importers seeking information as to such liquidations would look under the entry number. However that may be, in the instant case, as stated above, there is a complete absence of proof that the failure to file protest against these liquidations within the statutory time was due to the fact that the importer had no notice of such liquidations. Courts conduct litigation in order to redress grievances and legal injuries. The Customs Court was created to give redress for those legal injuries resulting from the unlawful taking of taxpayers' money. If this long-continued practice of giving notice of liquidation in mail order entries—minor transactions, indeed, in comparison with the great body of tariff transactions—is to be held insufficient, there must be some showing that a party litigant has suffered injury by the use of the form adopted for the giving of notice of liquidation. For all that appears in this record the importer may have known of these liquidations and may have neglected to act in the premises.

The case of *M. Dublin* v. *United States*, C. D. 77, is distinguishable from the instant case, because there proof was presented at the

hearing that the failure to file protest was due to the manner of posting the notice of liquidation.

Plaintiff's claim is overruled for lack of proof that the importer suffered damages by failure to have his name inserted in the notice of liquidation. Judgment will be rendered accordingly. It is so ordered.